NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

DANIEL LAMONICKA, PETITIONER, v. GENERAL PENCIL
COMPANY, RESPONDENT.

**Infected Finger—Alleged That it was Caused by Splinter—No Attention or Notice for Nine Days—Then it was Alleged That Petitioner Had Asked Foreman and Another to Help Him Remove Splinter—This is Denied, but Foreman Says Petitioner Told Him Finger was Injured at Home.**

For the petitioner, *Alexander Simpson.*

For the respondent, *Richard W. Baker.*

\*    \*    \*    \*    \*    \*    \*

The petitioner testified on his own behalf and also called to testify Dr. Ganelli and Dr. Snyder, and Julius Selchau, assistant foreman for the respondent. On behalf of the respondent, Dr. Rueff and Bernard Ypelaar were called to testify.

After carefully reviewing the testimony in this case, I find that the petitioner has failed to sustain the burden of proving that he sustained an accident arising out of and in the course of his employment with the respondent on July 16th, 1925. He testified that he was injured on this date, but that he did not go to his doctor, Dr. Ganelli, until nine days after the accident. Dr. Ganelli, when testifying on the stand, stated that he first saw the petitioner on July 18th, and when closely examined on this point he said that he was positive as to the date. He testified that at that time the petitioner had a badly infected thumb, which was about twice the normal size, and which had certainly taken several days to get in that condition. The doctor is more or less a disinterested party as far as contrasting his story with the petitioner's story is concerned, and, therefore, we must take it that the petitioner has failed to prove that he received an

accident while working for the respondent on July 18th, 1925.

Further, the petitioner claimed that he notified the boss, Julius Selchau, about the accident, and asked him to take the splinter out of his finger, but that the assistant foreman said that he was too busy to attend to it. He further states that a few days later he told Bernard Ypelaar, whom he referred to as "Pete," about the accident, and how he had hurt his finger. When Julius Selchau was called to the stand by the attorney for the petitioner he denied ever having refused to try to get a splinter out of the finger at the petitioner's request, and denies that he knew anything about the petitioner having received an accident to the same, or the petitioner having told him that he had gotten the splinter in it while handling a box. When the foreman, Bernard Ypelaar, was called to the stand by the respondent, he likewise denied that the petitioner ever told him about receiving an injury by accident by getting a splinter in his thumb while handling a box at work, but went on to say that he noticed that the thumb was bandaged up, and as the bandage was dirty he put a new bandage on it, and when he asked the petitioner how he got it he told him that he hurt it the night before at home. Therefore, I find that the petitioner has failed to sustain the burden of proving that he notified the respondent of the alleged accident.

I find that the case should be dismissed, as the petitioner has failed to prove an injury by accident arising out of and in the course of the employment on July 18th, of which notice was duly given to the respondent.

The case is therefore dismissed, without costs to either party.

CHARLES E. CORBIN,
*Deputy Commissioner.*